IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 14-CR-10123-JTM-1

KENT MISAK,

    Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant Kent Misak's letter to the undersigned judge asking that his sentence be reduced or modified to home confinement so that "[he] can take care of [his] ill mom [and] sister." (Dkt. 71). Mr. Misak advises that his mom is having mini-strokes and his sister, who resides with her, has COPD. Because Mr. Misak is pro se, the court construes his letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c). Although the court is sympathetic to Mr. Misak's family circumstances, the court lacks the power to reduce his sentence for this reason. *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) ("Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed."); *United States v. Sloan*, Case No. 13-40025-03-JAR, 2016 WL 1434740 (April 12, 2016) (dismissing motion to reduce sentence based on family circumstances for lack of jurisdiction).

Section 3582(c) authorizes a court to modify a sentence in three limited instances: 1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; 2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or 3) in cases where the applicable sentencing range "has subsequently been lowered

2

by the Sentencing Commission." Because family hardship does not fall within one of these three limited instances, the court lacks jurisdiction to consider this request.

**IT IS THEREFORE ORDERED** that Mr. Misak's motion to reduce sentence (Dkt. 71) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED** this 10th day of May 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge